# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO BUZUA-AVILES,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>R.D. ANDREWS, Warden, et al.,<br><br>　　　　　Respondents. | 1:05cv00243 AWI TAG HC<br><br>REPORT AND RECOMMENDATION TO DISMISS GROUND ONE IN THE PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1)<br><br>ORDER TO SHOW CAUSE WHY GROUND TWO IN THE PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (Doc. 1)<br><br>ORDER DENYING MOTION FOR REDUCTION OF TIME (Doc. 2) |

　　　Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at the Taft Correctional Institution, Taft, California. Petitioner has paid the filing fee.

### PROCEDURAL HISTORY

　　　In his Petition, Petitioner alleges that on December 18, 2003, he was convicted in the United States District Court for the District of Arizona, of illegal re-entry after deportation, and sentenced to a term of thirty-three months in a federal penitentiary. (Doc. 1). Petitioner did not file a direct appeal.

1

1    On February 22, 2005, Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2241,
2 raising two claims: (1) improper calculation of his sentence by the District Court; and (2)
3 disparate treatment of illegal aliens in federal prisons.  (Doc. 1, p. 3).  Although Petitioner has
4 checked the box on the form Petition indicating that, as to each claim, he has exhausted all
5 administrative remedies, Petitioner did not indicate in Ground One when or to whom he has
6 previously presented the issue; as to Ground Two, Petitioner indicates simply that he presented
7 the claim "to the Institution."  (Doc. 1, pp. 2-3).  On the same date as he filed the Petition,
8 Petitioner also filed a separate Motion for Reduction Of Time.  (Doc. 2).  This motion is identical
9 to the motion and brief attached to the Petition itself.

10    The Court must make a preliminary review of a habeas corpus petition and dismiss it if
11 the Petition does not allege grounds that entitle the petitioner to relief.  28 U.S.C. § 2243; cf.
12 Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

### DISCUSSION

A.  Ground One.

In Ground One, Petitioner argues that his sentence is illegal because the District Court, in imposing the sentence, considered facts that must be determined by a jury pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny.  (Doc. 1, p. 9).  Petitioner contends that his sentence of thirty-three months is nine months above the twenty-four month sentence normally mandated by the federal sentencing guidelines for a conviction for illegal re-entry.  Petitioner contends that the district court made an upward departure in the sentence based on factors that should have been decided by a jury, specifically, a finding regarding Petitioner's 1988 conviction in the same court.  (Doc. 1, pp. 9-10).  Petitioner argues that the finding regarding the 1988 conviction should have been made by a jury, not by the district judge.  (Doc. 1, p. 9).  Petitioner also points out that he did not appeal his conviction because a defendant who accepts a final deportation order can reduce his sentence under the mandatory federal sentencing guidelines. (Doc. 1, p. 3).  Petitioner contends that he has already served "an excessive amount of time" for his conviction and that "a downawrd [sic] departure from a range indicated by sentencing Guidelines" is warranted.  (Doc. 1, p. 4).

1  A federal prisoner who wishes to challenge the validity or constitutionality of his
2 conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence
3 under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v.
4 Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd 1997);
5 Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, *only the sentencing*
6 *court has jurisdiction*. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a
7 federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28
8 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at
9 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

10  In contrast, a federal prisoner challenging the manner, location, or conditions of that
11 sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
12 Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d
13 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991);
14 United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476,
15 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987);
16 Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

17  In this case, Petitioner's Ground One challenges the validity and constitutionality of his
18 sentence rather than an error in the administration of his sentence. Therefore, the appropriate
19 procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to
20 § 2241. A petition contending Petitioner's conviction is invalid is still a § 2255 petition
21 regardless of what Petitioner calls the petition. See Brown, 610 F.2d at 677.

22  In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief
23 under § 2241 *if* he can show the remedy available under § 2255 to be "inadequate or ineffective
24 to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997)
25 (quoting § 2255). Although there is little guidance from any court on when § 2255 is an
26 inadequate or ineffective remedy, the Ninth Circuit has recognized that it is a very narrow
27 exception. Id; Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is
28 insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a

petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956).  The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In Petitioner's memorandum of points and authorities filed in support of the petition for writ of habeas corpus,  Petitioner makes no claim that § 2255 is inadequate and ineffective to protect his rights nor does he indicate whether or not he has ever sought § 2255 relief.[1]  Thus, it is possible that the remedy of § 2255 remains available to him.  Accordingly, Petitioner fails to fall within an exception to this rule which would allow him to raise such a claim in a petition filed pursuant to § 2241.

Even assuming, arguendo, that Petitioner's remedy under § 2255 was inadequate or ineffective, Petitioner's attack on his sentence would fail.  Petitioner's claim is predicated on the Supreme Court's decision in Apprendi v. New Jersey, which held that "any fact [other than a the fact of a prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 506 U.S. 466, 488-490 (2000).   Here, Petitioner's sole basis for arguing that his sentence was illegal is that the district court, not a jury, made a factual finding regarding his *prior conviction*.  Apprendi and its progeny, therefore, do not apply to Petitioner's case.   Ground One in the instant petition must therefore be dismissed.

B.  Ground Two.

In Ground Two, Petitioner argues that deportable aliens serving sentences in federal prisons are treated more harshly than other inmates because Bureau of Prisons policies preclude deportable aliens from being eligible for early release to half-way houses,  from spending any part of their sentences in a minimum security facility, or from various rehabilitative programs such as work in prison industries, or participation in drug rehabilitation, literacy, and English language programs. (Doc. 1, Exh. A, 2-4).  Participation in such programs may earn inmates

---

[1] Petitioner contends that he did not file a motion pursuant to § 2255 because "no body advise me that I can seeking [sic] relief." (Doc. 1, p. 6).

good time credits that affect their release dates.  (Doc. 1, p. 5).  Petitioner claims that this disparate treatment of deportable aliens is a violation of Equal Protection.  (Doc. 1, pp. 6-7).

      Before a petitioner may file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, the petitioner must exhaust federal administrative remedies.  McCarthy v. Madigan, 503 U.S. 140, 144-145 (1996); Western Radio Services Co. V. Espay, 79 F.3d 896, 899 (9th Cir. 1996); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986).  At this time, it is unclear whether Petitioner has exhausted his administrative remedies with respect to Ground Two.  In the space provided in his Petition for explaining exhaustion, Petitioner checked the box indicating that he has exhausted both claims.  (Doc. 1, pp. 3-4).  However, he did not check any of the boxes indicating when or at what level he had exhausted his administrative remedies; rather, Petition simply indicated that he presented Ground Two "[t]o the Institution".  (Doc. 1, p. 4).  Because Petitioner did not indicate on the form petition when and where he had sought administrative remedies, it appears to the Court that Petitioner may not have exhausted any of his administrative remedies, much less all of them.

    The Court may, in its discretion, excuse a petitioner's failure to exhaust administrative remedies if exhaustion is not mandated by Congress.  McCarthy, 503 U.S. at 144; Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990).  In determining whether to excuse exhaustion, the Court should consider the claim asserted, the agency's interest in resolving the issue, and the administrative procedure provided.  McCarthy, 503 U.S. at 146.

    The contention that federal inmates who will be removed from the United States after the completion of their sentences are being treated in a disparate manner in violation of the Equal Protection Clause of the Fourteenth Amendment raises an issue about which the Bureau of Prisons properly should be interested.  Moreover, the Bureau of Prisons should be given an opportunity, in the first instance, to address this issue when raised by inmates facing removal at the conclusion of their sentences.  Federal prisons have a specific procedure in place by which the petitioner can present his claims to the prison officials.  See Martinez, 804 F.2d at 571 (describing procedure for bringing claims to prison administration).    In his Petition, Petitioner has not provided the Court with any information showing that he has availed himself of these

1  procedures in the federal prison where he is presently confined.  Accordingly, Petitioner must
2  show cause why Claim Two should not be dismissed for failure to exhaust administrative
3  remedies.
4        C.  Motion For Reduction Of Time.
5        As mentioned, Petitioner filed this motion at the time he filed the instant Petition.  The
6  motion is identical to the document attached to the Petition, and requests the identical relief, on
7  the identical legal grounds, and based on the identical facts, as in the Petition.  Since Petitioner's
8  motion raises the same claims as are contained in the Petition itself, it appears that Petitioner is
9  effectively seeking in his motion an expedited ruling on the merits of the Petition, and the Court
10 so construes Petitioner's motion.
11       The Court has not yet had an opportunity to fully review the merits of the Petition, nor
12 has Respondent yet been ordered to file an Answer.  The Court will address the merits of the
13 Petition in due course.  However, absent a showing of extraordinary circumstances, which are not
14 alleged here, no basis exists for the Court to expedite or alter its normal processes for review of
15 the Petition.  Accordingly, Petitioner's motion will be denied at this time.

**RECOMMENDATION**

17       Accordingly, the Court RECOMMENDS that Ground One in the petition for writ of
18 habeas corpus be DISMISSED because it fails to allege grounds that would entitle Petitioner to
19 relief under 28 U.S.C. § 2241.  (Doc. 1).
20       These Findings and Recommendations are submitted to the United States District Court
21 Judge pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local
22 Rules of Practice for the United States District Court, Eastern District of California.  Within
23 thirty (30) days after being served with a copy, any party may file written objections with the
24 court and serve a copy on all parties.  Such a document should be captioned "Objections to
25 Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served
26 and filed within ten (10) court days (plus three days if served by mail) after service of the
27 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
28 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

## **ORDER**

Furthermore, the Court HEREBY ORDERS that:

1. Petitioner is GRANTED THIRTY (30) days from the date of service of this Order, to SHOW CAUSE why Ground Two in the petition for writ of habeas corpus should not be dismissed for failure to exhaust administrative remedies. (Doc. 1). In his Response to this Order to Show Cause, Petitioner must explain how he has exhausted his administrative remedies as to Ground Two, including the date of each administrative proceedings, the specific administrative forum in which the proceedings took place, and the outcome of those proceedings.
2. Petitioner's Motion For Reduction of Time is construed as a request for expedited review and DENIED. (Doc. 2).

Petitioner is forewarned that his failure to comply with this order will result in a Recommendation that the petition for writ of habeas corpus be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:    April 14, 2005**            /s/ Theresa A. Goldner
j6eb3d                            UNITED STATES MAGISTRATE JUDGE