# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO BAZUA-AVILES, | ) 1:05-cv-00243-AWI-TAG HC |
| Petitioner, | ) |
| v. | ) REPORT AND RECOMMENDATION<br>) REGARDING PETITION FOR WRIT<br>) OF HABEAS CORPUS AND<br>) MOTION TO DISMISS |
| R.D. ANDREWS, Warden, | ) |
| Respondent. | ) (Docs. 1 and 9) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On February 22, 2005, Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2241, raising two claims: (1) improper calculation of his sentence by the district court; and (2) disparate treatment by the Bureau of Prisons ("BOP") of inmates with immigration detainers. (Doc. 1, p. 3). On April 18, 2005, the United States Magistrate Judge issued a Report and Recommendation recommending that Ground One of the petition for writ of habeas corpus be dismissed. (Doc. 4). On May 26, 2005, the District Judge adopted the Magistrate Judge's Report and Recommendation and dismissed Ground One before referring the case back to the Magistrate Judge for further proceedings. (Doc. 6).

On February 8, 2006, Respondent filed a Motion to Dismiss the Petition, contending that the only issue remaining before the Court, i.e., whether the BOP impermissibly treats inmates with an immigration detainer disparately in such a way that they are not eligible for programs that would reduce the length of their sentences, is now moot because Petitioner is no longer in custody. (Doc. 9, p. 1).

**DISCUSSION**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Here, Petitioner challenges the manner of the sentence's execution, arguing that the BOP's policy of excluding inmates with immigration detainers from programs that would reduce their sentences violates Due Process. While this claim does qualify as a legitimate and cognizable federal claim for purposes of habeas review, the claim fails both because it is moot and also on its merits.

A. Petitioner's Remaining Claim Is Moot.

This Court's jurisdiction depends upon the existence of a live "case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S. Ct. 1660 (1983); Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir. 1996). The Court has no authority to decide "'questions that cannot affect the rights of litigants in the case before [it].'" DeFunis v. Odegaard, 416 U.S. 312, 316, 94 S.Ct. 1704 (1974)(citing North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402 (1971)).

1    Here, it is undisputed that Petitioner is no longer in custody of the BOP.  Respondent's
2 Motion to Dismiss was supported by a Declaration from Valerie Stewart, Senior Counsel with
3 the Western Regional Office of the BOP, who declared that Petitioner was released from BOP
4 custody on December 27, 2005.  (Doc. 9-2, Attach. 1, p. 1).  The Motion to Dismiss was also
5 accompanied by inmate prison records indicating that Petitioner was released on December 27,
6 2005.  (Id., Exh. A).  Additionally, the Warden at Taft Correctional Institution, where Petitioner
7 had been confined, also attested that Petitioner had been released on that date.  (Id., Exh. D).

8    Because Petitioner's sole remaining claim in the instant petition related to the purported
9 effects of BOP policies regarding treatment of inmates with immigration detainers on their
10 eventual release dates, and because Petitioner has already been released from BOP custody, the
11 Court's determination of that sole remaining issue will not affect Petitioner's rights, nor can the
12 Court afford Petitioner any remedy.  Accordingly, the issue is moot.  See DeFunis, 416 U.S. at
13 316; Mitchell v. Dupnik, 75 F.3d at 528.

14    B.  Petitioner's Remaining Claim Fails On Its Merits.

15    However, even were the issue not moot, it would fail on its merits.  In this case,
16 Petitioner's allegation that he is being denied the same opportunities as other inmates due to the
17 INS detainer lodged against him and his alien status in violation of equal protection fails on the
18 merits.   In McLean v. Crabtree, 173 F.3d 1176, 1183-1184, 1185-86 (9th Cir.1999), cert.
19 denied, 120 S.Ct. 814 (2000), the Ninth Circuit unequivocally held that the denial of such
20 benefits to deportable aliens with immigration detainers does not violate the Constitution as this
21 exclusion is "rationally related to the BOP's legitimate interest in preventing prisoners from
22 fleeing detainers while participating in community treatment programs." Id. at 1186 (holding
23 that the Bureau of Prisons did not violate the defendants' statutory and constitutional rights when
24 it denied their requests for an 18 U.S.C. §3621(e)(2)(B) sentence reduction on the basis of an
25 Immigration and Naturalization Service detainer lodged against them); see Soto v. Gilkey, 2006
26 WL 2013584, *2 (E.D. Cal. July 17, 2006)(following McLean); U.S. v. Madrigal-Madrigal, 2005
27 WL 2271930, *1 (E.D. Cal. Sept. 14, 2005)(same); Accordingly, Petitioner's claim of an illegal
28 sentence based on disparate treatment must be denied on the merits.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition for Writ of Habeas Corpus (Doc. 1), be DISMISSED as MOOT and DENIED on the merits.

This Report and Recommendation is submitted to the Honorable Anthony W. Ishii, the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the Objections shall be served and filed within five (5) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 25, 2006**                    /s/ Theresa A. Goldner
**j6eb3d**                                      UNITED STATES MAGISTRATE JUDGE